IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE BOISVERT, | No. C -12-04263(EDL) |
| Plaintiff, | **ORDER** |
| v. | |
| LARS LOHAN ET. AL., | |
| Defendant.   / | |

Plaintiff Rene Boisvert filed his Complaint and Application to Proceed In Forma Pauperis on August 13, 2012. Docket No. 1. The application stated that Plaintiff owned a home valued over $500,000 and other real property valued at over $100,000, but had been unemployed since 2010 and had no income and only about $1000 in the bank. The Court granted in forma pauperis status and dismissed his complaint for failure to state a claim. Docket No. 8. Plaintiff subsequently filed an amended complaint. Docket No. 9. On December 12, 2012, the Court issued an order granting Defendants' motion to dismiss and motions to strike Plaintiff's amended complaint. Docket No. 70. Plaintiff has filed a notice of appeal to the Ninth Circuit. Docket No. 74.

On February 1, 2013, Defendant Patrick Bulmer filed a motion for administrative relief under Civil Local Rule 7-11, requesting that Plaintiff be ordered to show cause why he should be allowed to proceed in forma pauperis. Docket No. 75. Defendant Bulmer argues that Plaintiff is not indigent within the meaning of 28 U.S.C. § 1915, because he owns significant real property and maintains high monthly expenses, and that he is using his in forma pauperis status to maintain multiple frivolous lawsuits against Defendants in both federal and state court. Defendant also argues that Plaintiff made false statements of material fact in support of his fee waiver application, by failing to disclose his ownership interest in certain real estate in Oakland, California. Defendant has also filed a Request for Judicial Notice attaching a declaration made by Plaintiff in Alameda County Superior Court in which Plaintiff stated that he owned three Oakland properties on Center Street and had a California real estate broker's license and real estate mortgage license. Docket No. 76.

1   Defendant cites several cases to support his argument that Plaintiff should be ordered to
2 show cause why his in forma pauperis status should not be revoked, including Monti v. McKeon,
3 600 F. Supp. 112, 113 (D. Conn. 1984) and Assaad-Faltas v. Univ. of S. Carolina, 971 F. Supp. 985,
4 987 (D.S.C. 1997). Both these cases, though, involved district courts sua sponte ordering pro se
5 plaintiffs to show cause why their in forma pauperis status should not be revoked.

6   Regardless of whether an adverse party can move to revoke in forma pauperis status,
7 Plaintiff has filed a notice of appeal. Under Rule 24(a)(3) of the Federal Rules of Appellate
8 Procedure, a party who was permitted to proceed in forma pauperis in the district court may proceed
9 on appeal in forma pauperis unless the district court certifies that the appeal is not taken in good
10 faith or finds that the party is not otherwise entitled to proceed in forma pauperis. The Court has a
11 duty under this rule to certify whether Plaintiff is entitled to continue in forma pauperis on appeal.
12 Plaintiff has filed a number of cases in both state and federal court, against many of the same
13 defendants, including Defendant Bulmer, all relating to the enforcement of the same state-court
14 judgment against him. In light of the many cases Plaintiff has filed, and the evidence raised by
15 Defendant Bulmer, the Court is concerned that Plaintiff may no longer be entitled to in forma
16 pauperis status. See Assaad-Faltas, 971 F. Supp. 985, at 988-89 (noting that the multiple cases filed
17 by a litigant, and her voluminous filings in those cases, showed that she had the financial resources
18 to fund the litigation, and while she was entitled to pursue those actions, "her ability to do so [was]
19 entirely inconsistent with her alleged indigency"). Therefore, pursuant to its duty to certify that
20 Plaintiff is entitled to retain his informa pauperis status on appeal, the Court hereby ORDERS that
21 Plaintiff show cause on or before February 22, 2013 why he is entitled to in forma pauperis status
22 under 28 U.S.C. § 1915 and to address the issue of his apparent ownership of numerous properties.
23   IT IS SO ORDERED.

25 Dated: February 11, 2013

_____
ELIZABETH D. LAPORTE
United States Magistrate Judge

2