IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RENE BOISVERT,<br><br>    Plaintiff,<br><br>  v.<br><br>LARS LOHAN ET.AL.,<br><br>    Defendant.<br>_____/ | No. C -12-04263(EDL)<br><br>**ORDER** |

      Plaintiff Rene Boisvert filed his Complaint and Application to Proceed In Forma Pauperis on August 13, 2012. Docket No. 1. The application stated that Plaintiff owned a home valued over $500,000 and other real property valued at over $100,000, but had been unemployed since 2010 and had no income and only about $1000 in the bank. The Court granted in forma pauperis status and dismissed his complaint for failure to state a claim. Docket No. 8. Plaintiff subsequently filed an amended complaint. Docket No. 9. On December 12, 2012, the Court issued an order granting Defendants' motion to dismiss and motions to strike Plaintiff's amended complaint. Docket No. 70. Plaintiff has filed a notice of appeal to the Ninth Circuit. Docket No. 74.

      Under Rule 24(a)(3) of the Federal Rules of Appellate Procedure, a party who was permitted to proceed in forma pauperis in the district court may proceed on appeal in forma pauperis unless the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. The Court has a duty under this rule to certify whether Plaintiff is entitled to continue in forma pauperis on appeal. It is questionable whether Plaintiff is entitled to proceed in forma pauperis, as he owns significant assets and has financed multiple lawsuits in both state and federal court arising from the same event.

In addition, the Court finds that Plaintiff's appeal is frivolous, and, accordingly, revokes his in forma pauperis status. Under 28 U.S.C. § 1915(a)(3), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." The good faith standard is objective. See Coppedge v. United States, 369 U.S. 438, 445 (1962). A plaintiff satisfies that good faith requirement when he seeks review of an issue that is "not frivolous." Gardner v. Pogue, 558 F.2d 548, 551 (9th Cir. 1977) (quoting Coppedge, 369 U.S. at 445). An appeal is frivolous under section 1915 if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325, 327 (1989). For the reasons stated in the Court's order granting defendants' motion to dismiss and motion to strike under California's anti-SLAPP law, the Court holds that Plaintiff's complaint is frivolous. The Court thus certifies that Plaintiff's appeal is not taken in good faith.

IT IS SO ORDERED.

Dated: February 22, 2013

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2