IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

RENE BOISVERT,

        Plaintiff,

  v.

LARS LOHAN, et al.,

        Defendants.

No. C 12-4263-EDL

**ORDER DENYING MOTION TO SET ASIDE THE COURT'S ORDER OF DECEMBER 12, 2012**

On February 14, 2014, Plaintiff filed a Motion to Set Aside the Court's December 11, 2012 order granting Defendants' motions to dismiss and motions to strike with prejudice, purportedly "based on new evidence obtained since the order was entered." Docket No. 95 at 1. Plaintiff filed a Notice of Appeal on February 1, 2013, and his appeal is pending before the United States Court of Appeals for the Ninth Circuit. Docket No. 70. The order Plaintiff seeks to set aside is the final order from which he has appealed. Therefore, the Court cannot grant the motion at this time. Under Federal Rule of Civil Procedure 62.1, the Court may deny the motion, defer considering the motion, or state that it would grant the motion if the Court of Appeals remanded for that purpose or that the motion raises a substantial issue (an "indicative ruling"). Fed. R. Civ. P. 62.1; see also Fed. R. Civ. P. 62.1 advisory committee note.

The Court interprets Plaintiff's motion as a motion for reconsideration based on newly acquired evidence. The motion is procedurally improper under Local Rule 7-9, which provides that "[n]o party may notice a motion for reconsideration without first obtaining leave of Court to file the motion" and sets forth the proper procedure for seeking leave to do so. Civil L.R. 7-9(b). The moving party must "specifically show . . . a material difference in fact or law exists from that which was presented to the Court . . . the emergence of new material facts or a change of law occurring after the time of such order . . . or [a] manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order."

Civil L.R. 7-9(b). Plaintiff has not sought leave.

Even if Plaintiff had sought leave to file the motion, he has not shown the emergence of new material facts since the Court granted Defendants' motions to dismiss and to strike, or that a material difference in fact exists from that which was presented to the Court, or any other permitted grounds. See Civ. L.R. 7-9(b)(1), (2). Plaintiff claims to have a declaration from Defendant Lars Lohan that states that the judgment in this matter was assigned to him by the original judgment creditor, Donald De Gutz, in September of 2011, and that the Acknowledgment of Assignment of Judgment was filed in California state court on December 9, 2011. Docket No. 95 at 12. Plaintiff claims that this is the first time such an assignment has been publicly acknowledged and contends that Defendant Lohan kept the assignment secret from Plaintiff and from the Court. Docket No. 95 at 4.

However, as the Court noted in its Order of December 12, 2012, the Acknowledgment of Assignment of Judgment was included in Defendants' Request for Judicial Notice (Docket No. 23, Ex. 9) and made clear that Defendant De Gutz assigned his state court judgment against Plaintiff to Defendant Lohan, who pursued its enforcement. Docket No. 70 at 14. Also, the statement Plaintiff highlighted as new evidence is virtually identical to a previous declaration filed by Defendant Lohan in Alameda County Superior Court, submitted as Exhibit 19 to Defendants' Request for Judicial Notice. Docket No. 23, Ex. 15 ¶ 5. Plaintiff has put forward no new evidence. Therefore, pursuant to Federal Rule of Civil Procedure 62.1, Plaintiff's motion to set aside the Court's December 12, 2012 Order is DENIED.

**IT IS SO ORDERED.**

Dated: March 11, 2014

ELIZABETH D. LAPORTE
United States Chief Magistrate Judge

2